Fred J. Munder, J.
Plaintiff and defendants are Indians belonging to the Shinnecock tribe.
Plaintiff claims the right to possession of certain land within the Shinnecock reservation under an allotment made to her by the trustees of the tribe pursuant to section 121 of the Indian Law. The land she claims is that which all parties agree was originally allotted to her granduncle, Samuel Harvey, and was described in Harvey’s allotment as it was recorded in the Indian Records of the Town of Southampton, kept pursuant to section 120 of the Indian Law, as follows: “ Allotment and house located on the Northeast of the Shinnecock Indian Reservation bouimed on the East by Tribal lands; South by Mary Archer, deceased; West by Old Pond Road and Church Street; and North by old Indian burying ground and tribal lands.”
Plaintiff also claims the house and personalty left by Samuel Harvey upon his death, intestate, on April 28, 1954, by virtue of bills of sale from his only heirs, the children of a predeceased brother.
The defendant, Mary Anderson, sued herein as Mary Crippen, claims the land and the building and contents alleging that “on the 30th day of November, 1953, one Samuel F. Harvey, by instrument in writing and sworn to on the 2nd day of December, 1953, before a Notary Public in the County of Suffolk, State of New York, made an allotment of the premises sued herein [sic] to Mary Anderson, sued herein as Mary Crippen.”
She further alleges that such ‘1 allotment ’ ’ was filed in the Town Clerk’s office and made part of the official record. The other defendant, Edward Crippen, is Mary Anderson’s brother who presently occupies the premises with the consent of his sister and under her claim of right.
It is, of course, immediately apparent under the Indian Law as it applies to the Shinnecock tribe that no one has the power to grant allotments of tribal lands except the trustees of the tribe. Thus, unless the purported transfer by Samuel Harvey to Mary Anderson may be considered a conveyance, the paper *1040 has no legal significance whatever and the notation in the official records by the trustees immediately following the purported allotment by Samuel Harvey that it was “not official” was justified.
The Shinnecock tribe is the only Long Island tribe given legislative recognition in the Indian Law. It occupies land designated in the Indian Law as a reservation although I can find no Federal Government recognition of that status. Title to this land was vested in the tribe by the Southampton Town Trustees by the exchange of deeds dated April 21, 1859 between the trustees of the tribe and ‘ ‘ The trustees of the proprietors of the common and undivided lands and marshes (or meadows) in the Town of Southampton”. These deeds were recorded in the Suffolk County Clerk’s office on April 22, 1859. This transaction was specially authorized by chapter 46 of the Laws of 1859.
Before that there had been considerable dispute between the trustees of the tribe and the local residents as to the boundaries of the land which the tribe was to occupy under a 1,000-year lease given to the tribe in 1703. This lease is recorded in volume 3 of the Southampton Town records at page 372. Their right to occupy this land was recognized after the Revolution by chapter 15 of the Laws of 1792 which authorized the adult male members of the Shinnecock tribe to meet each year to elect three of their tribe to act as trustees.* Among the powers granted by this act was the power ‘ ‘ to lay out and appropriate such quantity of the said land to each family or individual, as shall be judged necessary for his or their improvements ”.
It can be seen then that the power to allot lands given to the tribal trustees by the Indian Law was simply a legislative re-enactment of the power reposed in those trustees by the enactment of 1792. That in its turn was undoubtedly legislative approval of a tribal custom which had antedated the State Government. However that may be, the power and the custom is of sufficient antiquity that it may not be ignored by us today.
This power in the trustees to allot continues until the members of the tribe decide that their reservation land, which they hold as tenants in common, shall be partitioned among them as provided in section 7 of the Indian Law. Under that section such partition may be made “ by the act of its Indian government ”. This as to the Shinnecock tribe must be assumed to mean the action of a meeting of the members of the tribe for they have no other form of self government and the trustees ’ powers are *1041 limited to making allotments of the tribal lands to the individuals and families of the tribe and a limited power to lease. (Indian Law, § 121.)
Upon such a partition the grantees will severally hold title in fee simple to the lands set off to them. (Terrance v. Gray, 171 App. Div. 11.) Except for the 20-year limitation after partition such land would be held subject to the general laws of the State. Whether or not the prohibitions contained in section 13 of article I of the New York State Constitution and in section 2030 of the Penal Law will prevent the alienation of such land to others than members of the tribe or whether section 7 of the Indian Law will be presumed to be the legislative consent required to avoid the burden of those provisions need not here be decided.
No such partition has been made of the lands commonly held by the Shinnecock tribe. An allotment by the trustees conveys no title to the allottee. It simply grants the right to occupy and use the land allotted. Despite the holding in Hatch v. Luckman (64 Misc. 508, 522) that an allotment may be conveyed by deed, I am of a contrary opinion. Section 2 of the Indian Law, on which the learned court in that case partially predicated its decision, as it now reads, clearly indicates that the power in an Indian to convey real property relates to lands other than unpartitioned tribal lands.
Consequently the purported conveyance or “ allotment ” by the former allottee, Samuel F. Harvey, in his lifetime, to Mary Anderson was completely ineffectual insofar as it related to the real property. However, I am satisfied that it was Mr. Harvey’s intention to make a gift to Mrs. Anderson and such gift applied to any personalty contained in the building he then occupied. The building, itself, is part of the real property.
I find that the trustees were acting within their authority in allotting this land to the plaintiff and that she is entitled to immediate possession of the land and the building. But her claim to the personalty is without foundation in law or fact. Her claim for damages for use and occupation is insufficiently proved and no damages are awarded.
This shall constitute the decision of this court in accordance with the provisions of section 440 of the Civil Practice Act.
Submit judgment accordingly.

 See present Indian Law, § 17, added by L. 1957, eh. 425, conditionally giving women the right to vote.